### GATLING v. MENKE et al.

(Supreme Court, Appellate Term. April 22, 1901.)

BROKERS—RIGHT TO COMPENSATION—AUTHORITY OF AGENT.

    Defendant authorized plaintiff, who was a broker, to procure a loan at 4 per cent., but the broker was unable to negotiate the loan at such a rate, and thereafter an agent of defendant, who had no authority to act for the principal except to collect rents, authorized plaintiff to negotiate the loan at 4½ per cent., and delivered the title deeds to the property to the latter, who procured a lender at such rate, but the loan was not made because of a defect in defendant's title. The defendant took no part in negotiating the loan. *Held*, that plaintiff could not recover a commission therefor, since the defendant did not authorize a loan at such rate, and the agent had no authority to bind him by such agreement.

Appeal from municipal court of city of New York, Second district.

Action by Richard H. Gatling against John F. Menke and others to recover for services as a broker. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

William J. Lippman, for appellants.
Charles Strauss, for respondent.

BISCHOFF, P. J. The plaintiff's claim is founded upon his performance of services, as a broker, in procuring a person able to make a loan upon the defendants' property at the terms required by the latter, but upon our examination of the record we fail to find any proof that he did perform his part of the contract embodied in the defendants' application for a loan. It appears that the matter of the desired loan was first brought up by one Diedrich, the renting agent of the defendants' property, whose personal authorization, however, the plaintiff was not satisfied to accept, and a form of application was sent for signature to the defendants. This form was filled out in such manner as to call for a loan either of $20,000 at 4 per cent., or $21,000 at 4½ per cent., but before signing and returning the paper to the plaintiff the defendant Menke erased the figures touching a 4½ per cent. loan, and the application thus stood as calling for a loan at 4 per cent. only. Thereafter the plaintiff held no further communication with the defendants upon the question of the loan, but, finding it difficult to obtain any acceptance at 4 per cent., he treated with Diedrich for the purpose of changing the desired rate of interest to 4½ per cent.; and, while there is a conflict in the testimony of the plaintiff and of Diedrich upon the point, the fact is to be taken as found by the justice that Diedrich did agree to the modification. For the purposes of the application, the plain-

tiff requested Diedrich to procure the title deeds of the property, and, having received them from him, proceeded to conclude negotiations with a probable lender, but the loan finally failed upon the 4½ per cent. basis, owing to some dissatisfaction with the title. Assuming that the refusal to make the loan was not arbitrary, and was caused by some question as to the title, the defendants' liability to the plaintiff for commissions would depend upon the latter's having procured a lender according to the terms of his employment; but these terms were that the loan should be 4 per cent., and were never changed by the defendants, or by any person having actual or ostensible authority to modify the agreement in their behalf. Diedrich was certainly not their general agent. According to the proof, he was their renting agent merely, and was held out to be nothing else. He had no power to make the original application for the loan, and the plaintiff, impressed with this fact, required a written application by the defendants. His actual agency was never extended, and, since the plaintiff had no personal dealings with the defendants in the matter during the interim, it is impossible to find any proof that this agent's ostensible authority was increased in such manner as to have justified the plaintiff's reliance upon his self-asserted right to modify the agreement which the defendants had made. Certainly, the assumed agent's own statements to the plaintiff did not operate to enlarge his powers, and his mere possession of the title deeds for delivery to the broker, who was acting under an existing contract to procure a loan, could not import an agency to change the contract itself.

We conclude that the recovery was not supported by the facts in evidence. and the judgment must therefore be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.